UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Azibo Aquart : | |
|     Plaintiff : | |
| : | 3:08-cv-1562 (VLB) |
| v. : | |
| : | August 21, 2012 |
| Sue Jacobowski et al., : | |
|     Defendants : | |

**MEMORANDUM OF DECISION GRANTING RENEWED MOTION FOR SUMMARY JUDGMENT FOR DEFENDANT AND SETTING DEADLINE TO RESPOND**

**Procedural History**

    Plaintiff, Azibo Aquart, filed this action nearly four years ago alleging, *inter alia*, that Connecticut Department of Corrections Official Sue Jacobowski violated his First Amendment right to visitation with his newborn daughter when she refused to provide him with the necessary forms to facilitate familial visitation. Specifically, he contends that Jacobowski provided two non-black inmates, otherwise similarly situated, with forms necessary to facilitate visits with their infants and children, in violation of his Equal Protection Rights. The other inmates are Jorge Andino Rodriquez (hereinafter referred to as "Rodriguez") and Michael LaForge (hereinafter referred to as "LaForge").

    On June 30, 2011 the Defendants filed a motion for Summary Judgment which the Court granted in part, but denied in part on March 30, 2012 to afford the Plaintiff an opportunity to request discovery relative to his visitation claim, as that claim alleged facts establishing a genuine issues of fact as to whether his due process rights had been violated.

    The Defendant's assert and the Plaintiff does not contest that Plaintiff has served 4 production requests on the Defendant since the Court's March 30, 2012 decision seeking the current mailing addresses of Rodriguez and LaForge. The Defendant objected to Plaintiff's requests, asserting that neither of these individuals was in

1

**Department of Corrections custody at the time of the requests. Jacobowski has also repeatedly objected to the production of the requested information on the grounds that disclosure of this information would pose safety and security concerns for the discharged individuals. Third, Jacobowski has objected on the basis that she is not in control of this information and is unable to attest to the accuracy of the information contained in Department of Correction documents. Plaintiff has not filed a Motion to Compel, in accordance with the Federal Rules of Civil Procedure challenging the validity of her objections.**

**Plaintiff has also repeatedly requested the visitor history of Rodriguez and LaForge for the period August 2005 through August 2006 and the dates of their visits and the names, relationships, ages and races of persons who visited Rodriguez and LaForge. Jacobowski objected to the production of this information based on safety and security concerns not only of Rodriguez and LaForge but also for the visitors, whose confidential information would be used in an unforeseen manner and does not state that she offered to provide redacted or alternate information responsive to the spirit of the *pro se* Plaintiff's request for production. The Plaintiff has not filed a motion to compel the disclosure of this information.**

**In recognition of the Plaintiff's *pro* se status and in exercise of the Court's inherent authority to manage its own docket, the Court shall address the evidentiary issues presented by the Defendant's objection to the Plaintiff's requests for production and disclosure and treat the Defendant's status report as a renewed motion for summary judgment. See, <u>Wiggins v. State of Connecticut</u> 205 F.3d 1327 (2000)**

**<u>Disclosure of Addresses</u>**

2

**Both Rodriquez and LaForge were alleged to have been in Department of Corrections custody.  Assuch their addresses were publically available on the department's website.  http://www.ctinmateinfo.state.ct.us  last visited August 21, 2012.  Moreover, had they been discharged from custody, the Defendant had no greater ability to locate them than had the Plaintiff.  Therefore, the Defendant has no duty to secure this information for and disclose this information to the Plaintiff. Fed.R.Civ.P. 26(b)(1).**

Disclosure of Visitation Records

**A party is entitled to disclosure of information likely to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1).  As neither inmate with whom the defendant claims to have been similarly situated had a visit from a minor offspring during the relevant period, there is no information responsive to Plaintiff's request for production.**

Conclusion

**The Plaintiff has been given five additional months to conduct discovery on the limited visitation issue which survived the Motion for Summary Judgment. The Plaintiff has failed to establish that those efforts have been frustrated unjustifiably by the Defendant or that disclosure of the information sought would have resulted in the discovery of evidence to support his equal protection violation claim.**

**Accordingly, as the Plaintiff has had nearly 4 years to prepare his case for trial and an additional 5 months to conduct discovery,  the Defendant's renewed motion for summary judgment will be GRANTED on September 12, 2012, if the Plaintiff fails to file an objection, supported by admissible evidence, within 21 days of the date of this order, asserting specific particularized facts establishing the existence of a genuine issue(s) of fact as to whether Plaintiff's due process rights were denied through the failure of the Defendant to facilitate Plaintiff's  familial visitation with his infant daughter in the manner**

in which the Defendant facilitated familial visitation for Rodriguez and LaForge with their infant children.

                                      IT IS SO ORDERED.
                                      _____/s/_____
                                      Vanessa L. Bryant
                                      United States District Judge

Dated at Hartford, Connecticut:  August 21, 2012.