UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Azibo Aquart** : |  |
|     **Plaintiff** : |  |
| : | 3:08-cv-1562 (VLB) |
| **v.** : |  |
| : | September 25, 2012 |
| **Sue Jacobowski et al.,** : |  |
| **Defendants** : |  |

### MEMORANDUM OF DECISION GRANTING SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTIONS TO COMPEL DISCLOSURE AND IN THE ALTERNATIVE, APPOINTMENT OF COUNSEL [DKT 47 &48] AND TO RESONCISDER ORDER GRANTING RENEWED MOTION FOR SUMMARY JUDMENT [DKT. 49]

Before the Court are three motions filed by the Plaintiff. On August 24, 2012, the Plaintiff filed a Motion to Compel Disclosure or, in the Alternative, Motion to Appoint Counsel. [Dkt. 47]. On September 4, 2012, the Plaintiff filed two motions: Supplemental Motion to Support Motion to Compel Disclosure and/or in the Alternative, Motion to Appoint Counsel [Dkt. 48] and Motion for Reconsideration of Order Granting Renewed Motion for Summary Judgment. [Dkt. 49]. These motions were filed by the plaintiff after the Court ordered the parties to submit a status report and, after having received a status report from the defendants, determined to treat the status report as a renewed motion for summary judgment on August 21, 2012. [Dkt. 46].

For purposes of clarity, the court will summarize the procedural history of this case. The Plaintiff brought this action nearly 4 years ago in October of 2008, asserting several claims. Following the close of discovery, summary judgment was granted for the Defendants on all claims except one. [Dkt. 40]. The surviving

1

claim asserted that the Defendant Jacobowski denied the Plaintiff the ability to visit with his minor child on the basis of his race but afforded two other inmates, LaForge who is white and Rodriquez who is Hispanic the ability to do so. In deference to the Plaintiff's *pro* se status, the Court reopened discovery for the limited purpose of allowing the Plaintiff to seek discovery on this remaining issue, both because and despite of the fact that the only evidence in support of the claim was the Plaintiff's own statement that one white and one Hispanic inmate were allowed visits which he was denied. The Court reopened discovery despite evidence in the record that the Plaintiff refused a visit from his minor child on at least one occasion.

Unbeknownst to the Court, the Plaintiff served a discovery on the Defendant to which the Defendants responded objecting on the grounds first, that it had no information responsive to the Plaintiff's requests as the inmates who the Plaintiff claims were given favorable treatment because of their race did not have visits from minor children as Plaintiff alleged. Second, the Defendants objected to the disclosure of the location of former inmates, citing the fact that they were no longer in custody.

After a period of inactivity, the Court ordered the filing of a status report. The Defendants filed a status report informing the Court that it had no material responsive to the Plaintiff's discovery requests for the reasons stated above. Thus, following reopening of discovery, there remained no evidence in support of the Plaintiff's claim of denial of visitation on the basis of his race.

Under Federal Rule of Civil Procedure 26, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed. R. Civ. P, 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). While the scope of discovery is broad, it is not boundless. If "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive," if "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action," or if "the burden or expense of the proposed discovery outweighs its likely benefit," courts must limit its frequency or extent. Fed.R.Civ.P. 26(b)(2)(C); see also *In re Penthouse Exec. Club Compensation Litig.*, No. 10 Civ. 1145(KMW), 2012 WL 1511772, at *1 (S.D.N.Y. Apr. 30, 2012); *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 138 (2d Cir. 2007)(stating that a party is not obligated to produce, at risk of discovery sanctions, documents that it does not possess or cannot obtain).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). The moving party bears the burden of proving that no factual issues exist. *Vivenzio v. City of Syracuse,* 611 F.3d 98, 106 (2d Cir.2010). "In determining whether that burden has been met, the court is

required to resolve all ambiguities and credit all factual inferences that could be drawn in favor of the party against whom summary judgment is sought." *Id.*, (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).  "If there is any evidence in the record that could reasonably support a jury's verdict for the nonmoving party, summary judgment must be denied." *Am. Home Assurance Co. v. Hapag Lloyd Container Linie, GmbH,* 446 F.3d 313, 315–16 (2d Cir.2006) (internal quotation marks and citation omitted).

"A party opposing summary judgment cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.  At the summary judgment stage of the proceeding, Plaintiffs are required to present admissible evidence in support of their allegations; allegations alone, without evidence to back them up, are not sufficient." *Welch–Rubin v. Sandals Corp.,* No.3:03cv481, 2004 WL 2472280, at *1 (D. Conn. Oct. 20, 2004) (internal quotation marks and citations omitted); *Martinez v. State of Connecticut*, No. 3:09cv1341 (VLB), 2011 WL 4396704 at *6 (D. Conn. Sept. 21, 2011).  Where there is no evidence upon which a jury could properly proceed to find a verdict for the party producing it and upon whom the onus of proof is imposed, such as where the evidence offered consists of conclusory assertions without further support in the record, summary judgment may lie.  *Fincher v. Depository Trust and Clearance Co.*, 604 F.3d 712 (2d Cir. 2010).

4

**In recognition of the Plaintiff's *pro* se status and in exercise of the Court's inherent authority to manage its own docket, the Court treated the Defendant's status report, detailing its responses to the Plaintiff's discovery requests as a renewed motion for summary judgment and afforded the Plaintiff yet another opportunity to present evidence in support of his claims. *Singh v. New York State Dept. of Taxation and Finance*, No. 06-CV-0299-JTC-LGF, 2011 WL 5069393 (W.D.N.Y. Oct. 25, 2011) (dismissing conspiracy claims against defendants pursuant to "the court's inherent authority to manage its docket).  *See also Wiggins v. State of Connecticut*, 205 F.3d 1327 (2000).**

**Despite 4 years of trial preparation and deferential opportunities to do so, the *pro se* plaintiff has yet to produce any evidence from which a genuine issue of material fact can be gleaned.  Instead, after the most recent opportunity to do so afforded by the Court, he filed three motions which detail the discovery he seeks, including all of defendant Jacobowski's personnel file and approximately ten years of visitor's logs.  He fails to state how defendant Jacobowski's personnel file and approximately ten years of visitor's logs are relevant to his disparate treatment claim and his complaint alleges no facts to support such a conclusion.  He does not claim that Jacobowski was ever disciplined for such conduct or that anyone other than LaForge and Rodriquez were allowed the visitation which he was denied.**

**Instead of the essential evidence of his claim, his motions also include exhibits of letters he sent to the Court and notes presumably written by other inmates not mentioned in the Plaintiff's complaint. These letters and notes are**

5

not sworn or notarized.  Consequently, these notes and letters are not evidence and may not be considered by the court on a motion for summary judgment.  Fed.R.Civ.P. 56(c).  Even assuming they were evidence, they do not create a genuine issue of fact as they do not tend to show that LaForge or Rodriquez were allowed visitations while the plaintiff was not.

  Here, the movant has shown that there is no genuine dispute as to any material fact and that she is entitled to judgment as a matter of law.  The moving party has borne the burden of proving that no factual issues exist by asserting through counsel, an officer of the Court and an official of the keeper of the records sought, that no visitation records evincing the facts upon which the Plaintiff claim rests exist.  The Court treats this statement as tantamount to an affidavit as under the Connecticut Rules of Professional Conduct Rule 3.3(a) Candor toward the Tribunal: "a lawyer shall not knowingly: (1) Make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer ... [or] (3) Offer evidence that the lawyer knows to be false."  The court has resolved the ambiguity as to whether such records existed and credit all factual inferences that could be drawn in favor of the Plaintiff in ordering the Defendant to respond to discovery requests on that limited issue and affording the Plaintiff another opportunity to produce admissible evidence after the Plaintiff averred that none existed.

  The Defendant's status report establishes that no evidence exists to supplement the record that could reasonably support a jury's verdict for the Plaintiff.   While the Plaintiff finds the Defendant's response dubious, he cannot

defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits, or a statement of fact made by an officer of the Court to the Court, supporting the motion for summary judgment are not credible.  At the summary judgment stage of the proceeding, the Plaintiff must present admissible evidence in support of his allegations; allegations alone, without evidence to back them up, are not sufficient.  Consequently, there is no evidence upon which a jury could properly proceed to find a verdict for the Plaintiff.

The Plaintiff seeks an order of the Court compelling the Defendant to produce information not within its control.  He seeks an order that the Defendants obtain the home addresses of individuals who are no longer in Department of Corrections custody and whose whereabouts are no longer uniquely known to the Defendants' employer.  It is both inequitable and overly burdensome to impose upon the Defendants the duty to investigate facts necessary for the Plaintiff to prove his claims.  Such an order would extend discovery beyond its intended scope, by unduly burdening the Defendant who has now defended this claim for 4 years. Fed.R.Civ. R. 26(b)(2)(C).  Accordingly, the motion to compel is denied.  In addition, there is no basis to conclude that such an order would not be futile.  *Id.*

The Plaintiff also seeks reconsideration of the Court's decision to treat the Defendants' status report as a renewed motion for summary judgment. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be

expected to alter the court's decision.  *See Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  A motion for reconsideration may not be used to relitigate an issue the court already has decided.  *See SPGGC, Inc. v. Blumenthal*, 408 F.Supp. 2d 87, 91 (D.Conn. 2006), aff'd in part and vacated in part on other grounds, 505 F.3d 188 (2d Cir. 2007).  Here the plaintiff's motion is unsupported by legal authority and does not contain newly discovered, relevant evidence.  The Court could not have overlooked that which did not exist at the time of its decision.  The Court's decision to treat the status report as a renewed motion for summary judgment was merely the procedural vehicle to manage the disposition of the case by affording the Plaintiff an additional opportunity to present evidence demonstrating that there was a genuine issue of material fact, in refutation of the Defendants' claims.  Plaintiff points to no facts or law which the Court overlooked.   Accordingly, denial of reconsideration is warranted.

Finally, the Plaintiff's motion for the appointment of counsel is unavailing.  When determining whether to appoint counsel, the following factors should be considered:  (1) the movant's ability to afford a private attorney; (2) the movant's efforts to obtain counsel; (3) the merits of the movant's case; (4) the movant's ability to present the case; and (5) the complexity of the issues.  *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986), *cert. denied*, 502 U.S. 986 (1991); *Jenkins v. Chemical Bank*, 721 F.2d 876, 880 (2d Cir. 1983); 28 U.S.C. § 1915(e); *see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (confirming that the *Hodge* factors still apply to motions for appointment of counsel).  With respect to these criteria, the Second Circuit has cautioned the district courts

against the "routine appointment of counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989). The Plaintiff has not addressed the first two factors, namely that the he is unable to afford a private attorney and that his efforts to obtain counsel have been diligent, but unavailing. The Court has determined that the Plaintiff has failed to establish the existence of a genuine issue of material fact rendering his claim meritless. His failure to do so is not because this case is complex. On the contrary, the *pro se* plaintiff has demonstrated an ability to grasp the legal issues, litigate this issue for nearly four years and defeat summary judgment. Therefore, the Court cannot rightfully grant the Plaintiff's motions for appointment of counsel.

  For the foregoing reasons, the Plaintiff's Motions to Reconsider the Decision Granting Renewed Motion for Summary Judgment for the Defendants, Compel Disclosure and/or in the alternative, to Appoint Counsel are DENIED. SUMMARY JUDGMENT IS GRANTED in favor of the Defendants and the clerk is instructed to close the case.

IT IS SO ORDERED.
_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut:  September 25, 2012.